IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MIR RAHMAN RAHMANI, *et al.*, | ) |
| | ) |
| Plaintiffs. | ) |
| | ) |
| v. | ) Civil Action No.: 1:24-cv-00285 (RC) |
| | ) |
| JANET YELLEN, | ) |
| Secretary of U.S. Department | ) |
| of the Treasury, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully notify the Court of the U.S. Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S.\_\_\_ (2024); No. 22-1219, 2024 WL 3208360 (June 28, 2024). The Supreme Court's decision in *Loper Bright* supports Plaintiffs' arguments regarding the scope of the application of the Global Magnitsky Human Rights Accountability Act (the "**Global Magnitsky Act**" or the "**Act**"), and is controlling authority with respect to the Court's review of the interpretation of the Act by Defendant Office of Foreign Assets Control ("**OFAC**") should the Court grant Plaintiffs' Motion for Reconsideration.

In *Loper Bright,* the Supreme Court abrogated the *Chevron* doctrine, making clear that statutory interpretation is a matter of law to be determined by the courts without deference to agency interpretation. *Loper Bright Enterprises*, 2024 WL 3208360, at \*22. The Supreme Court held "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires. Careful attention to the judgment of the Executive Branch may help inform that inquiry. And when a particular statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation, while

1

ensuring that the agency acts within it. But courts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Id.*

The Plaintiffs placed before the Court the purely legal question of whether the Global Magnitsky Act applies to the Rahmanis as former government officials. The Global Magnitsky Act, as Plaintiffs noted, by its plain terms, applies only to a person who "is a government official." *See* ECF No. 11-1 at 22-29. After briefing on Plaintiffs' Motion for Preliminary Injunction (ECF Nos. 11-1, 18, 19) and Defendants' Partial Motion to Dismiss (ECF Nos. 17-1, 20, 27), and oral argument on Plaintiffs' Motion for Preliminary Injunction, the Court issued its Memorandum Opinion Granting Defendants' Partial Motion to Dismiss; Denying Plaintiffs' Motion for Preliminary Injunction; and Denying Plaintiffs' Motion to Strike ("**Memorandum Opinion**"). ECF No. 33. In the Memorandum Opinion, the Court ruled that it need not rule on the scope of the Global Magnitsky Act because the Defendants represented they also relied on the International Emergency Economic Powers Act ("**IEEPA**") as authority for imposition of sanctions against Plaintiffs. *Id.* at 26.[1]

---

[1] The decision in *Loper Bright* is also relevant to the Court's analysis of OFAC's invocation of IEEPA as authority for its actions. IEEPA is not a blanket grant of authority from Congress to the President. Rather, IEEPA provides authority to act only in the face of an "unusual and extraordinary threat." 50 U.S.C. § 1701(a). With respect to sanctions against corrupt government actors, however, the Executive Branch has redefined those key terms to include generalized, global, and never-ending threats. *See* ECF No. 20 at 30-33. This interpretation of IEEPA is improper and is no longer due deference following the decision in *Loper Bright*. For instance, in this matter, OFAC sanctioned the Rahmanis on December 11, 2023, based upon alleged conduct that took place within a government that ceased to exist more than two years earlier. The Administrative Record lacks sufficient information to conclude that the Rahmanis posed an "unusual and extraordinary threat" pursuant to 50 U.S.C. § 1701(a) under these circumstances. *Loper Bright* is perfectly clear on this point: agency action must be reasonably tethered to statutory authority and "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within" that authority. *Loper Bright*, 2024 WL 3208360, at *22.

On April 29, 2024, OFAC produced the Administrative Record. The Administrative Record showed that OFAC relied on the Global Magnitsky Act in imposing its sanctions against Plaintiffs. Given the revelation in the Administrative Record that OFAC did, in fact, rely on the Global Magnitsky Act in sanctioning Plaintiffs, and the disconnect between that new fact and OFAC's representations to the Court, Plaintiffs filed their Motion for Reconsideration. There, Plaintiffs asked the Court to interpret the Global Magnitsky Act and its provisions limiting its application to a person who *is* a government official. Plaintiffs' Motion for Reconsideration remains pending.

If the Court grants Plaintiffs' Motion for Reconsideration, it will necessarily interpret the Global Magnitsky Act for the first time in this litigation. In their pleadings, OFAC has argued repeatedly that its interpretation of the Global Magnitsky Act to include former government officials is entitled to deference. OFAC has argued that it is entitled to "considerable deference" in its "***interpretation of its legal authorities*** because they pertain to matters of national security and foreign affairs." ECF No. 17-1 at 36, *See also* ECF No. 18 at 31.  (emphasis added). OFAC further argued that *Chevron* "provides an additional, though not necessary basis for deferring to OFAC's [] ***legal interpretation***." ECF No. 18 at 31-32 (emphasis added).

And while OFAC argued that it was not necessary for this Court to apply *Chevron*, it nevertheless invoked the reasoning relied on in that now abrogated case in seeking deference here. OFAC argued that "strong deference" was owed to its "***permissible statutory construction*** in this national security and foreign policy context." *Id.* at 16. Similarly, OFAC argued that the Court should "defer to OFAC's permissible choice, ***even if it disagrees with it***." *Id.* at 38. This is so, OFAC argues, because of its "significant 'expertise' and 'careful' judgment" in administering the sanctions programs at its disposal. *Id.* Under the recent decision in *Loper Bright,* however,

3

OFAC's own interpretation of the key terms of the Act is no longer entitled to deference from this Court, whether or not OFAC specifically invoked *Chevron* as the basis for that deference.

In *Loper Bright*, the Supreme Court has now made clear that Defendants are not entitled to ***any*** deference in their interpretation of the Global Magnitsky Act. "At best, our intricate *Chevron* doctrine has been nothing more than a distraction from the question that matters: Does the statute authorize the challenged agency action? And at worst, it has required courts to violate the APA by yielding to an agency the express responsibility, vested in the reviewing ***court****,* to decide all relevant questions of law and interpret . . . statutory provisions. *Loper Bright*, Slip. Op. at 22 (emphasis added, internal citations and quotations omitted).

If the Court grants Plaintiffs' Motion for Reconsideration, it will, by necessity, interpret the key language in the Global Magnitsky Act authorizing sanctions against a person who "is a government official." In *Loper Bright*, the United Sates Supreme Court has made clear that, when this Court does so, it may not defer to OFAC's interpretation of the statute.

Dated: July 16, 2024

              Respectfully submitted,

              /s/ Christopher M. Chaisson
              Christopher M. Chaisson (Bar No. 1684813)
              Enayat Qasimi (Bar No. 987877)
              William Fitts Ryan, Jr. (Bar No. MD00360)
              Whiteford, Taylor & Preston, LLP
              1800 M Street, N.W.
              Suite 450N
              Washington, D.C. 20036
              Telephone: (202) 836-8485
              Email: cchaisson@whitefordlaw.com
              Email: eqasimi@whitefordlaw.com
              Email: wryan@whitefordlaw.com
              *Counsel for Plaintiffs*