**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MIR RAHMAN RAHMANI, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.: 1:24-cv-00285 (RC) |
| | : | |
| v. | : | |
| | : | |
| SCOTT BESSENT, Secretary of Department of the Treasury, in his Official Capacity. *et al.*,[1] | : | |
| | : | |
| | : | |
| Defendants. | : | |

**UNOPPOSED MOTION FOR ENTRY OF AN APPEALABLE JUDGMENT**

Plaintiffs Mir Rahman Rahmani, Haji Ajmal Rahmani, Ozean Immobilien Projektentwicklung Verwaltungs-GmbH, Ozean Immobilien Management GmbH & Co. KG, Ozean Immobilien Projektentwicklung GmbH & Co. KG, Pyramaxia Immoprojekt GmbH & Co. KG, Pyramaxia Real Estate Development GmbH & Co. KG, Pyramaxia Real Estate GmbH & Co. KG, Ozean Group GmbH, Ozean Baustoffe GmbH & Co. KG, Ozean Horizont Bauwerke GmbH, Ozean Horizont Objektplanung GmbH & Co. KG, Ozean Horizont Projektentwicklungs GmbH & Co. KG[2], RG Immoprojekt GmbH & Co. KG, RG Real Estate Development GmbH & Co. KG, RG Real Estate GmbH & Co. KG, NAI Europe Energy GmbH & Co. KG, NAI Management

---

[1] Pursuant Federal Rule of Civil Procedure 25(d), Scott Bessent, Secretary of the Treasury, is automatically substituted as a defendant in his official capacity for his predecessor, Janet Yellen. Marcio Rubio, Secretary of State, is likewise automatically substituted as a defendant in his official capacity for his predecessor, Anthony J. Blinken.

[2] Ozean Horizont Projektentwicklungs GmbH & Co. KG is now known as OHP GmbH & Co. KG. This name change took place subsequent to the filing of the Complaint in the District Court case.

GmbH, Pyramaxia Limited, RG Holdings Limited, Buoyant Holdings Limited, Ocean Europe CY Limited, D.C.H. Dream Creators Holdings Limited, Riseonic Holdings Limited, ZEM Holdings Ltd, RG Group FZE, The Fern Limited, Ocean Estate Company Limited, Ocean Estate GmbH, Ocean Properties GmbH, and Ozean Real Estate GmbH & Co. KG (collectively, **"Plaintiffs"**), respectfully move this Court for entry of an appealable judgment and to amend its Order dated April 3, 2025 to include an express determination that there is "no just reason for delay," thereby certifying the order under Federal Rule of Civil Procedure 54(b) as final and appealable.

On October 9, 2024, the Court entered final judgment for Defendants on Counts I, II, III, and IV of the Complaint. ECF Doc. No. 56. Under the Parties' joint stipulation of dismissal (ECF Doc. No. 55), however, the Court dismissed Count V of the Complaint without prejudice at the request of the Parties. As a result, the Order of October 9, 2024 (ECF Doc. No. 56), arguably did not constitute an appealable final judgment under 28 U.S.C. § 1291. *See Blue v. District of Columbia Pub. Schools,* 764 F.3d 11, 15 (D.C. Cir. 2014).

On January 22, 2025 Plaintiff filed a Unopposed Motion for Certification Under Fed. R. Civ. P. 54(b) asking the Court to certify its Order as a final judgement noting that the District Court retained jurisdiction and had authority under Fed. R. Civ. P. 54(b) to "direct entry of a final judgment" as to less than the entire case by making an express determination "that there is no just reason for delay" in entering an appealable order as to some of the claims. That exception allows the Court to "meet the demonstrated need for flexibility" in providing for appellate review in complex cases, by acting as a "dispatcher . . . permitted to determine, in the first instance, the appropriate time when each final decision upon one or more but less than all of the claims in a multiple claims action is ready for appeal." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956). On April 3, 2025 the Court granted Plaintiff's unopposed Motion certifying the October

9, 2024 Order as a final judgment under Federal Rule of Civil Procedure 54(b) as to Counts I, II, III, and IV of the Complaint. ECF Doc. No. 62.

Plaintiffs filed their Notice of Appeal to the U.S. Court of Appeals for the District of Columbia Circuit on December 6, 2024. On May 16, 2025, the Court of Appeals issued an order to show cause, attached hereto as **Exhibit A,** as to why the appeal should not be dismissed on jurisdictional grounds "given that the district court's order granting appellants' motion for judgment under Rule 54(b) did not expressly determine that there is no just reason for delay" as required by controlling case law in this circuit. *See Blackman v. District of Columbia*, 456 F.3d 167, 174-76 (D.C. Cir. 2006) (*[E]ven if the record indicates no just reason for delay, an order is not final under Rule 54(b) unless it contains the "express determination" thereof.*); *citing also Bldg. Indus. Ass'n of Super. Cal. v. Babbitt*, 161 F.3d 740, 743-45 (D.C. Cir. 1998) (The express direction and determination is a bright-line requirement.).

In response to the D.C. Circuit's Order to Show Cause, Appellants (Plaintiffs herein) sought leave of the Court to move to amend the District Court's judgment. On July 28, 2025, the D.C. Circuit issued a per curiam order, attached hereto as **Exhibit B**, indicating that the appeal would be dismissed unless, "[the] appellants file a motion in the district court for entry of an appealable judgment," thereby providing Plaintiff's leave to cure this jurisdictional issue.

Although Plaintiffs filed their Notice of Appeal to the U.S. Court of Appeals for the District of Columbia prior to this motion, this Court retains jurisdiction to consider this motion and modify its Order as authorized in Fed. R. Civ. P. 60(a). As the rule indicates, the District Court has the authority to correct an order where there is "a mistake arising from oversight or omission" and in cases in the appeal process the District Court may do so "with the appellate court's leave."

Plaintiff respectfully submits that the omission of the Rule 54(b) certification language—"no just reason for delay"—from this Court's final order dated April 3, 2025 constitutes an oversight or omission properly subject to correction under Federal Rule of Civil Procedure 60(a). Rule 60(a) provides a vital mechanism for courts to rectify "clerical mistakes or mistakes arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." This rule is designed to ensure that the written record accurately reflects the true intention and original pronouncement of the Court, without re-examining the merits of the underlying decision.

The absence of the Rule 54(b) certification language is precisely the kind of technical error or omission contemplated by Rule 60(a). This is not a request for the Court to revisit or alter its substantive rulings regarding the resolved claims. Instead, it seeks to align the order's procedural effect with what was intended: a final resolution of specific claims, ripe for immediate appeal under Rule 54(b). Since leave to proceed has been obtained via the D.C. Circuit, the District Court has the authority to ensure its order accurately reflects its intent and procedural posture. This power is consistent with the District Court's inherent authority to maintain accurate records and ensure the proper administration of justice.

Amending the order to include the Rule 54(b) certification language will not prejudice any party. The substantive rights and obligations of the parties as determined by the order remain entirely unchanged. The amendment merely clarifies the appealability of the resolved claims, facilitating a process that is both anticipated by the Federal Rules and beneficial to judicial economy.

For the foregoing reasons, Plaintiff respectfully requests that this Court amend its final order dated April 3, 2025 to include "no just reason for delay," thereby certifying the order under Federal Rule of Civil Procedure 54(b). This action will rectify an oversight, facilitate orderly

appellate review, and serve the interests of judicial efficiency and clarity. A proposed order is being contemporaneously filed with this motion.

Defendants' counsel has represented that they do not oppose this Motion.

| | |
|---|---|
| Dated: August, 27, 2025 | Respectfully submitted, |
| Washington, DC | By: /s/ Christopher M. Chaisson |
| | Christopher M. Chaisson (Bar No. 1684813)<br>Enayat Qasimi (Bar No. 987877)<br>William Fitts Ryan, Jr. (Bar No. MD00360)<br>Whiteford, Taylor & Preston L.L.P.<br>1800 M Street, N.W.<br>Suite 450N<br>Washington, DC 20036<br>Tel: (202) 836-8485<br>Email: cchaisson@whitefordlaw.com<br>Email: eqasimi@whitefordlaw.com<br>Email: wryan@whitefordlaw.com |
| | *Counsel for Plaintiffs* |